[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11347
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20461-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN CAMERON CAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 16, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

John C. Cain appeals the district court's denial of his motion for a new trial based on new evidence and the denial of an evidentiary hearing. He argues that the district court abused its discretion by denying his motion for a new trial, which was based on two newly discovered police reports that showed he was involuntarily committed under Florida's "Baker Act," Fla. Stat. §§ 394.451; 394.463. He argues that this new evidence could not have been discovered before trial, because he was heavily medicated and could not assist his counsel. Cain also argues that the evidence was material, because it supported his insanity defense and showed that the government presented evidence it knew to be false. Finally, he argues that the district court should have at least held an evidentiary hearing on the matter.

Following an incident in which Cain, drunk and high, pointed an Ak-47 at a mail carrier, Cain was indicted for forcibly assaulting a federal officer using a deadly weapon, in violation of 18 U.S.C. § 111(a)(1), (b), brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii), and possession of a firearm by a convicted felon, in violation of 18 U.S.C § 922(g)(1). Cain was sentenced to 300 months' imprisonment. During his trial, Cain presented an insanity defense, and while describing Cain's history of mental illness, Cain's counsel mentioned that Cain had been "Baker Acted" for being a danger to himself or others on several occasions. During the government's closing argument, the government stated that Cain was

not "Baker Acted" at the time of the incident, and there was no record of any "Baker Acting" or history of psychiatric illness.

A district court's denial of a motion for a new trial is reviewed for abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 782 (11th Cir. 2007). A district court's denial of an evidentiary hearing on a motion for a new trial is also reviewed for abuse of discretion. *United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998).

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Motions for a new trial based on newly discovered evidence are "highly disfavored" and "should be granted only with great caution." *See United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (internal quotation marks omitted).

"A new trial is warranted based upon circumstances coming to light after trial only if the following five part test is satisfied: (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995). "[F]ailure to satisfy any one of these elements is fatal to a motion for new trial." *Id.* at 1274. "[T]he acumen gained by a trial judge over the

3

course of the proceedings makes [the judge] well qualified to rule on the basis of affidavits without a hearing. *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997) (internal quotation marks omitted).

The district court did not abuse its discretion by denying Cain's motion for a new trial, because Cain did not show that he could not have obtained these reports before trial through the exercise of due diligence. Cain asserts that he obtained the police reports through FOIA requests, but offers no credible explanation why he or his attorney could not have submitted these FOIA requests before trial. Additionally, even though Cain argues that he could not assist counsel because he was heavily medicated while in pretrial custody, he was able to offer assistance to his counsel by identifying the hospitals where he claim to be "Baker Acted" before trial. And even though Cain's counsel was able to request medical records from those hospitals, his failure to also request the police records that Cain eventually obtained through FOIA requests was a failure to exercise due diligence. When the medical records were unavailable, a reasonable step would have been to seek documentation of the Baker Act commitments from another source, such as a police report. Without evidence of due care to uncover relevant evidence, Cain has not met the criteria for a new trial. *See Lee*, 68 F.3d at 1273–74.

To the extent that Cain argues that the government's presentation of false testimony is a separate ground for a new trial, the district court properly denied his

motion on that ground, because it was not filed within 14 days of the verdict as required by Fed. R. Crim. P. 33(b)(2).

Finally, because the district court could determine that Cain did not meet the criteria for a new trial based on the record, it did not abuse its discretion by denying his request for an evidentiary hearing.

**AFFIRMED.**

5